[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKESPECIAL DEFENSE OF DEFENDANT
Plaintiff has brought a two count complaint against Mark S. D'Onofrio, an Orange police officer and the Town of Orange pursuant to Connecticut General Statutes § 7-465, as a result of an automobile accident occurring within the Town of Orange. The defendants have filed a second special defense which reads as follows:
 "Any claim asserted against these defendants in the first and second counts of the complaint is CT Page 8501 barred by the Doctrine of Immunity."
Plaintiff now seeks to strike said defense on the ground that the same lacks legal sufficiency. The court agrees.
Section 7-465 provides that a town "shall pay on behalf of any employee . . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages to person or property . . . . if the employee, at the time of the . . . . accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment. . . ."
Section 7-465 goes on to state that "[g]overnmental immunity shall not be a defense in any action brought under this section." Therefore, it is evident that the legislature has expressed a clear intention to remove sovereign immunity as a defense to a § 7-465
claim. Defendants argue that a factual issue exists as to whether defendant D'Onofrio's "actions are ministerial or discretionary."
Section 7-465 makes no such distinction. Instead, it imposes upon a town liability for any damages assessed upon its employee by operation of law for damages to person or property. Without the inclusion of a sentence abrogated the defense of sovereign immunity one could argue that "operation of law" would include the issue of whether the act of the employee was in the performance of a governmental duty or ministerial in nature. But, "governmental immunity shall not be a defense in any action brought under this section." Section 7-465.
Therefore, plaintiff's Motion to Strike defendant's amended second special defense is granted
Skolnick, J.